SARAH B. AIKMAN, PLAINTIFF AND RESPONDENT, *v.* BLAIZE L. HARSELL AND L. BRADFORD PRINCE, AS SUBSTITUTED TRUSTEES, AND OTHERS, DEFENDANTS AND APPELLANTS.

*Action for an admeasurement of dower — the costs are in the discretion of the court.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of the action at a Special Term.

The plaintiff (now the wife of John Aikman) was in 1859 the widow of Joseph Blackwell, deceased, and as such claims to be endowed of one-third of his moiety of the lands and premises known as Nos. 428, 430 and 432 Broadway, and 37, 39 and 41 Howard street, New York city. William Drayton Blackwell, the father of said Joseph Blackwell, died in 1848, seized of the whole premises, leaving his widow, Letitia A. Blackwell, and two children, viz: Letitia A., wife of Peter Poillon, Jr., and Joseph Blackwell, the first husband of the plaintiff. In August, 1859, Joseph Blackwell died intestate and without issue, leaving his mother, his sister and the plaintiff, his widow, surviving. His mother, thereupon, by force of the statute of descents, became entitled to an estate for life in Joseph's moiety, and the reversion vested in his sister, Mrs. Poillon, subject to plaintiff's right of dower. Mrs. Poillon died in September, 1866, leaving a will, giving all her real estate to William B. Blackwell and John J. Poillon, in trust, and appointing them executors.

Mrs. Letitia A. Blackwell died February 8, 1878, and subsequently, and in May, 1878, the plaintiff made a formal demand of her dower, and the demand not being complied with, this action was commenced.

The action was tried before Mr. Justice Lawrence on the 29th day of January, 1880. Among other things he found that no portion of the premises mentioned in the complaint was ever admeasured or set apart to Letitia A. Blackwell for her dower, and that her dower was never assigned to her. Also, that no portion of the premises had ever been admeasured or set apart to the plaintiff for her dower, and that her dower has never been assigned to her.

As conclusions of law, the justice found that on the death of Joseph Blackwell, the claim for dower of Letitia A. Blackwell, his mother, in the undivided half of the lands and premises mentioned in the complaint, which had belonged to Joseph Blackwell, became merged in the life estate of Letitia, which descended to her by statute, upon the death of her son Joseph, and that upon the death of Joseph Blackwell, the plaintiff became entitled to dower in the undivided half part of said premises owned by her husband during his lifetime, and that the plaintiff is entitled to the use and enjoyment during her life of the one-third of such undivided one-half part of said premises, as her dower, and that she is entitled to have the same admeasured and set apart to her, and that she is also entitled to one-sixth of the net rents and income of the said premises since the 1st day of May, 1878. An interlocutory judgment was directed by the justice, which provided for the appointment of a referee to ascertain whether it is practicable, and for the best interests of the parties, that the dower of the plaintiff should be admeasured and set-off, or whether the plaintiff should receive one-sixth of the net rental value of the premises as her dower. The referee was required to take an account of the rents and income since the 1st day of May, 1878, and what portion of the one-sixth of said rents has been paid to the plaintiff. It was also provided that the costs of the plaintiff be paid by the trustees out of the income of the real estate. An extra allowance was also granted to the plaintiff of the sum of $1,500. Also, it is adjudged that the costs and allowance to the plaintiff be a lien and charge on the real property, excepting the portion which was laid off to the plaintiff. Final judgment having

been entered, upon the filing of the referee's report, the defendants appealed from the interlocutory judgment, and also from the final judgment entered on the report of the referee.

The court at General Term, said : " The questions presented by the facts and circumstances of this case, predicated of the findings of the learned justice in the court below, have been carefully treated in an extended opinion, and we think properly disposed of. We discover no reason for interfering with the findings either of fact or of law, and we regard it as a work of supererogation to make any extended observations after the opinion referred to. We think, therefore, that the judgment should be affirmed.

It is necessary, however, to consider the exception taken to the imposition of costs, and to the allowance granted to the plaintiff. The learned counsel for the appellant thinks that the subject is controlled by sections 13 and 25 of the Revised Statutes (2 R. S., 490, 492) relating to the admeasurement of dower. " These provisions do not apply here for the reason that it is an entirely different proceeding from that contemplated by the statutes referred to. This is an action under the provisions of the Code (§ 1596 *et seq*). When an action is brought for the admeasurement of dower, the costs, in the absence of statutory regulations, are in the discretion of the court, and are governed by the conduct of the parties. (2 Scribner on Dower [2d ed., 173], and cases cited ; see, also, Beames on Costs, 22 Law Library, 35, original paging.) There are no statutory provisions in reference to costs in such an action as this, and, therefore, the rule just stated applies. The defendants stoutly resisted the plaintiff's right to dower, and the imposition of costs in the manner declared, and the granting of the allowance was in consequence, doubtless, of such opposition. We see no reason to interfere on that subject. For these reasons the judgment appealed from must be affirmed, but we think under the circumstances, without costs to either party." .

*Sidney S. Harris*, for the appellant.

*George C. Blanke*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, without costs.